UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ARABELLA PETROLEUM | § | |
|   COMPANY, LLC, | § | CASE NO. 15-70098-RBK-11 |
| | § | |
|   Debtor. | § | CHAPTER 11 |

---

| | | |
|---|---|---|
| MORRIS D. WEISS, CHAPTER 11 | § | |
|   TRUSTEE FOR ARABELLA | § | |
|   PETROLEUM COMPANY, LLC, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | ADV. NO. _____ |
| | § | |
| ARABELLA EXPLORATION INC., | § | |
| ARABELLA EXPLORATION LLC, | § | |
| ARABELLA OPERATING LLC, | § | |
| TRANS-TEXAS LAND & TITLE, LLC, | § | |
| PLATINUM PARTNERS CREDIT | § | |
|   OPPORTUNITIES MASTER FUND LP, | § | |
| PLATINUM LONG TERM | § | |
|   GROWTH VIII, LLC, and | § | |
| JASON HOISAGER, Individually, | § | |
|   Defendants | | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Morris D. Weiss (the "**Trustee**" or "**Plaintiff**"), chapter 11 trustee for

Arabella Petroleum Co., LLC ("**APC**," or the "**Debtor**"), in the above-captioned bankruptcy

proceeding, and files this Original Complaint against Arabella Exploration Inc. ("**AEX Inc.**"),

Arabella Exploration LLC ("**AEX LLC**," and collectively with AEX Inc., "**AEX**"), Arabella

Operating, LLC ("**AO**"), Trans-Texas Land & Title, L.L.C. ("**TTLT**"), Platinum Partners Credit

Opportunities Master Fund LP ("**Platinum Trustee**"), Platinum Long Term Growth VIII, LLC

("**Platinum Beneficiary**," and together Platinum Trustee, "**Platinum**"), and Jason Hoisager

("**Hoisager**," and collectively with AEX, AO, TTLT, and Platinum, "**Defendants**").

<u>**Jurisdiction, Authority and Venue**</u>

1.      The Court has jurisdiction and authority over this adversary proceeding pursuant

to 28 U.S.C. §§ 157(a) and 1334 and the United States District Court for the Western District of

Texas's standing order of reference.

2.      Most or all of the claims in this adversary proceeding are core matters arising in

the above-referenced bankruptcy case, which is currently pending in this Court under chapter 11

of the Bankruptcy Code.  *See* 28 U.S.C. § 157(b)(2).  To the extent that any remaining claims are

non-core matters, the Trustee consents to this Court's entry of a final order with respect to any

such non-core matters.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1409.

<u>**Parties**</u>

4.      Plaintiff is the duly appointed Chapter 11 Trustee of the Debtor, and has the

standing and authority to bring this action pursuant to his appointment as trustee [Docs. 152,

153].

5.      Arabella Exploration Inc. is a Cayman Islands corporation with its principal

business address at 509 Pecan St., Ste. 200, Fort Worth, Texas 76102, and may be served at such

address through its officer Jason Hoisager.

6.      Arabella Exploration LLC is a Texas limited liability corporation with its

principal business address at 509 Pecan St., Ste. 200, Fort Worth, Texas 76102, and may be

served at such address through its registered agent, Jason Hoisager.  AEX LLC is a wholly

owned subsidiary of AEX Inc.

7.      Arabella Operating, LLC is a Texas limited liability corporation with its principal business address in at 509 Pecan St., Ste. 200, Fort Worth, Texas 76102, and may be served at such address through its registered agent, Jason Hoisager.  AO is a wholly owned subsidiary of AEX Inc.

8.      Trans-Texas Land & Title, L.L.C. is a Texas limited liability corporation with its principal business address at 509 Pecan St., Ste. 200, Fort Worth, Texas 76102, and may be served at such address through its registered agent, Jason Hoisager.

9.      Platinum Partners Credit Opportunities Master Fund LP is a Delaware limited partnership with its headquarters in New York, New York, and may be served through its registered agent, VCORP Services, LLC, 1013 Centre Rd. Ste. 403-B, Wilmington, Delaware 19805.

10.      Platinum Long Term Growth VIII, LLC is a Delaware limited liability corporation with its headquarters in New York, New York, and may be served through its registered agent, VCORP Services, LLC, 1013 Centre Rd. Ste. 403-B, Wilmington, Delaware 19805.

11.      Jason Hoisager is an individual residing in Texas and may be served at 509 Pecan St., Ste. 200, Fort Worth, Texas 76102.  Hoisager is the managing member and sole shareholder of the Debtor, the President and Chief Executive Officer of AEX Inc., the president and registered agent of AEX LLC, and the managing member of TTLT.

## Introduction

12.      Jason Hoisager was a landman.  At first he worked as a landman for hire and would aggregate leases at one price then his employer would sell them for a higher price keeping the "spread" for itself.  Mr. Hoisager was enterprising and determined that he could be self-employed, perform the same services and capture the "spread" himself, and did this successfully

for some period of time. At some point Mr. Hoisager altered this business model to that of being the owner-operator of oil and gas wells, which was designed to be a more lucrative venture. This was the beginning of the Arabella saga and thus far it has been replete with greed, fraud, financial manueverings, and denuding of assets, the result of which was bankrupting APC. As set forth below, the various defendants contributed to and/or profited from the schemes perpetrated by Mr. Hoisager.

**Background**

A.      *The Underlying Chapter 11 Case*

13.      On July 10, 2015 (the "**Petition Date**"), the Debtor commenced this bankruptcy case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 (the "**Bankruptcy Code**") [Doc. No. 1], in the United States Bankruptcy Court for the Western District of Texas.

14.      The Debtor initially operated as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. However, on August 20, 2015, this Court appointed Plaintiff as chapter 11 Trustee to oversee the Debtor's operations. *See* Doc. No. 153.

B.      *The Formation and the Business of the Debtor, TTLT, AEX, and AO*

15.      The Debtor was formed on February 13, 2007, as a Texas Limited Liability Company. The Debtor is in the oil and gas business. It acquired and operated (for its own benefit and the benefit of numerous interest holders) a number of valuable oil and gas properties and interests (the "**Properties**"), primarily in Reeves County, Texas. The Properties include numerous producing wells, wells undrilled or uncompleted or still in development, and an extensive amount of undeveloped acreage. The Debtor was the operator of the wells pursuant to the terms of various joint operating agreements (the "**JOAs**"), memoranda of which were duly recorded in 2013.

16.     On November 7, 2007, TTLT was formed.   TTLT is an entity that is owned and/or controlled by Hoisager.  Although TTLT as formed after the Debtor, it appears that TTLT was used as a conduit by Mr. Hoisager to acquire oil and gas leases.   Some or all of the properties aggregated by TTLT were conveyed to the Debtor.  It is not clear to what extent Mr. Hoisager may have personally benefitted from such conveyances that would not have been accomplished at arm's length and should be subject to closer scrutiny.  Given Mr. Hoisager's history as a landman who received a "spread," it would stand to reason that TTLT benefitted from the conveyances to the Debtor.

17.     On October 2, 2009, AEX LLC was formed.   On June 17, 2010, Lone Oak Acquisition Corporation ("**Lone Oak**"), the predecessor to AEX Inc., was formed, under the laws of the Cayman Islands.  Lone Oak was formed as a "blank check" company meaning that it had no business but was created as a "shell" company for the purpose of raising capital and then identifying and merging with an operating company.[1]

18.     AEX effected a "reverse merger" with Lone Oak, on December 24, 2013.  As a result of the merger, AEX LLC's owners became the owners of Lone Oak, Lone Oak was renamed "Arabella Exploration, Inc.," and AEX LLC became a subsidiary of AEX, Inc.  Lone Oak paid no consideration to the Debtor when it purported to "acquire" the tainted assets from AEX.

19.     AO was formed in 2014 apparently for the purpose of assuming the role of operator from the Debtor under the JOAs.

---

[1] The traditional way that a company will go public is through undergoing the registration process.  In contrast, a "blank check" company goes public first and then looks for a business to acquire.

C.   *The Defendants Plunder the Debtor*

20.   From 2011 through 2015, the Defendants plundered substantially all of the assets of the Debtor.  The Debtor was apparently also used by Mr. Hoisager as a conduit through which working interests in the Properties were conveyed to "third parties" including, most significantly, AEX an entity that was controlled by Mr. Hoisager.  As of the Petition Date, it had $500.50 in the bank and millions of dollars in debt with hundreds of unpaid creditors.  Notably, substantially all of the Properties once owned by the Debtor were now in the name of AEX and its subsidiaries.

21.   Some Defendants, in particular Mr. Hoisager, AEX, TTLT, and AO, simply transferred (or had transferred) to themselves large amounts of the Debtor's cash (the "**Cash**") and its interests in the Properties.

22.   In specific, Mr. Hoisager received (personally or to third parties on his behalf) approximately $6.3 million in Cash from the Debtor within the relevant time frame.  A list of the known transfers of Cash to Mr. Hoisager or for his direct benefit, from July 12, 2011 to the Petition Date, is attached hereto as **Exhibit A**.[2]  Certain of these transfers were booked on APC's accounting system as member distributions to Molly Hoisager, Mr. Hoisager's wife, but the Trustee believes that at all relevant times only Mr. Hoisager owned membership interests in the Debtor and the payments were therefore made for his benefit and on account of his membership interests.  The Trustee reserves the right to amend this complaint or pursue other legal actions against Mrs. Hoisager if necessary.

23.   Upon information and belief, TTLT was used by Mr. Hoisager as a conduit for leasehold properties that were sold to the Debtor and others.  TTLT received approximately $2.5

---

[2] The Trustee reserves the right to amend, modify or supplement all exhibits hereto as additional facts are uncovered.

million in Cash from the Debtor. A list of the known transfers of Cash, from July 2011 through the Petition Date, is attached hereto as **Exhibit B**.

24.     AEX took substantially all of the Debtor's interests in the Properties.  A list of the known transfers of property, which occurred in 2013, 2014, and 2015, is attached hereto as **Exhibit C**.  Upon information and belief, AEX retains the Debtor's interest in certain of the Properties, but it has sold the Debtor's interest in certain others of the Properties—all without the Debtor having been paid any, or any sufficient, consideration in return.

25.     In fact, the only consideration "paid" by AEX in respect of its receipt of APC's Properties was an increase in the amounts booked as due to the Debtor under the joint interest billings.  However, this paper obligation was later recharacterized in December 2013 as approximately three million dollars of equity in AEX issued *to Mr. Hoisager* and an approximately three million dollar promissory note issued from AEX *to Mr. Hoisager*.  In other words, APC received no consideration at all with respect to the transfers to AEX--such consideration as there was flowed directly to Mr. Hoisager.

26.     Even if these payments to Mr. Hoisager are included as AEX's "cost" on its acquisition, AEX claimed in its public securities filings to have sold properties in 2014 for a total cash consideration of more than $5.6 million, and to have made a profit of more than $3 million. Those sales include several of the Properties, which were transferred from the Debtor to AEX in the months preceding AEX's subsequent sale.  In fact, AEX's acknowledged profit attributable to the Debtor's Properties is itself more than $3 million.[3]  For example, the Debtor's interest in the Johnson 44 well was purportedly transferred to AEX from APC by a transfer recorded on December 12, 2013.  The Johnson 44 interest was then re-sold by AEX for *a profit of more than*

---

[3] https://www.sec.gov/Archives/edgar/data/1506374/000121390015002772/f10k2014_arabellaexpl.htm.

*$1.2 million* on March 28, 2014.  Another example is the Roark prospect, the transfer of which from APC to AEX was recorded on December 11, 2013, and which was then re-sold for *more than $1.5 million in profit* on June 24, 2014.  All of AEX's ill-gotten gains with respect to these and any other subsequent sales of the Properties should be disgorged and repaid to the Debtor.[4]

27.     In addition to its receipt of the Properties, AEX also received almost $6.2 million in Cash from the Debtor.  A list of the known transfers of Cash, from July 2011 through the Petition Date, is attached hereto as **Exhibit D**.

28.     In 2014 and 2015, AO took over the Debtor's role as operator under several joint operating agreements.[5]  Upon information and belief, the transfer of such operator status was yet another step taken to further Hoisager's plan to benefit himself and his affiliates at the expense of the Debtor and its creditors, in this case by ensuring that the Debtor had no leverage or control over the disposition of the Properties or over the various streams of funds with respect to the Properties (for instance, those payable to service providers and payable to and from other working interest holders).  In addition to the transfer of operating rights, AO also received approximately $882,000 in Cash from the Debtor in 2015, for no consideration of which the Trustee is aware.  A list of the known transfers of Cash, from January 2015 through the Petition Date, is attached hereto as **Exhibit E**.

29.     Throughout the course of action described above, the Debtor's principals looked the other way, for their own benefit and for the benefit of the other Defendants.

---

[4] Furthermore, to the extent the transfers of the Properties from AEX to the third-party purchasers was not for reasonably equivalent value, were not taken in good faith by the transferees, or are otherwise avoidable, the Trustee reserves his rights to recover such Properties or the value thereof.
[5] The Trustee does not concede that the transfer of operating rights was undertaken properly under governing law or under the JOAs.

D.    *Granting of Tainted Liens to Platinum as Subsequent Transfers Subject to Avoidance*

30.    The other Defendant, Platinum, received transfers of lien rights on the Properties from AEX without paying reasonably equivalent value to the Debtor, although it had sufficient knowledge and awareness that AEX had not obtained the Properties lawfully or for sufficient value.

31.    In September of 2014, having already obtained possession of a significant part of the Debtor's assets, AEX went a step further, monetizing them further by encumbering the Properties with liens.   AEX entered into a $45 million senior secured note facility (the "**Facility**"), pursuant to which Platinum took a security interest in much of the Debtor's (former) Properties (the "**Purported Platinum Collateral**"), including in at least eighty mineral leases that were originally held by the Debtor.  A summary of the known Properties that were subjected to Platinum's liens, which formed the vast majority of the Purported Platinum Collateral, is attached hereto as **Exhibit F**.  The initial sale of notes under the Facility was in the amount of $16 million—an amount that did not flow to the Debtor.  (To the knowledge of the Trustee, no additional notes were sold under the Facility other than those sold to Platinum.)

32.    Pursuant to the foregoing, Platinum was a subsequent transferee of the Debtor's interests in property.   Moreoever, Platinum, through its employees, through its legal representatives, and through its agent Jett Capital Advisors, LLC, were in the possession of extensive information concerning the transfers from, and transactions between, APC to AEX, involving the Properties.   Platinum did not enter into the Facility, or receive liens on the Purported Platinum Collateral, in good faith.

33.    In addition, even if Platinum's liens were valid and even if the Debtor had received sufficient consideration in exchange for the granting of such liens, they would still be

subordinate to APC's liens on AEX's interest in the Properties that attached pursuant to the prior recorded JOAs.

E.    *Mr. Hoisager's Mismanagement and Breaches of Duties*

34.    In connection with and in addition to the activities specified above, Hoisager engaged in gross mismanagement of the Debtor, violating his fiduciary duties to the Debtor, in specific his duty of care and his duty of loyalty.  Hoisager knowingly, willfully, and for his own benefit caused the Debtor to fail to perform its duties as operator and as owner of various oil and gas interests.  He caused the Debtor to fail to pay debts that it owed and incurred both on its own behalf and on behalf of others.  As a direct result of his recklessness and gross negligence, various of the Debtor's rights in property deteriorated or were lost and the Debtor incurred excessive and unnecessary debts and liabilities.  In essence, Hoisager played the central role in a scheme pursuant to which he transferred the Cash and Properties at will so as to maximize the benefits to himself and his affiliates, to the detriment of the Debtor and its creditors.

35.    All conditions precedent to Plaintiff's recovery on the claims asserted herein have occurred.

## COUNT I

**(AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550)**

36.    Plaintiff incorporates the facts stated above as if fully set forth herein.

37.    Section 548(a)(1)(A) of the Bankruptcy Code allows the trustee to avoid a transfer of the debtor's interest in property made within two years of the petition date if the transfer was made with actual intent to hinder, delay, or defraud creditors.  Section 550 allows the trustee to recover the asset transferred in violation of section 548.  Avoidable transfers may be recovered from initial transferees pursuant to section 550(a)(1) of the Bankruptcy Code.  Avoidable

transfers may be recovered from subsequent transferees pursuant to section 550(a)(2) of the Bankruptcy Code.

38.     As set forth in detail above, Defendants plundered the Debtor's assets, with the actual and intended effect of hindering the Debtor's creditors from receiving the payments due them.

39.     In specific, Hoisager, acting on his own behalf on and behalf of the entities he controls, namely TTLT, AO, and AEX, caused APC's Cash to be transferred to TTLT, AO, AEX, and himself.

40.     In addition, Hoisager, acting on his own behalf and on behalf of the entities he controls, namely AO and AEX, caused APC's Properties to be transferred to AEX and caused certain operating rights in the Properties to be transferred to AO.

41.     Finally, AEX and Platinum entered into the Facility and transferred lien rights on the Properties to Platinum in exchange for monetary benefits that were not received by and did not benefit the Debtor.

42.     All of these transfers were made with the actual intent to hinder, delay, or defraud APC's creditors.

43.     Certain of the Defendants, namely Hoisager, TTLT, AO, and AEX, were initial transferees of avoidable transfers within the meaning of the Bankruptcy Code.

44.     Platinum was a subsequent transferee of avoidable transfers within the meaning of the Bankruptcy Code.  Platinum did not give reasonably equivalent value to the Debtor in return for such transfers.  Also, Platinum was not a transferee in good faith.

45.     Accordingly, Plaintiff respectfully requests that the Court avoid the transfers of the Properties, the Debtor's Cash, and any lien rights thereon, all as actual fraudulent transfers

under section 548(a)(1)(A), and return the transferred Property and/or its value to the bankruptcy estate pursuant to section 550.

## COUNT II

### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550)

46.     Plaintiff incorporates the facts stated above as if fully set forth herein.

47.     Section 548(a)(1)(B) allows the trustee to avoid a transfer of the debtor's interest in property made within two years of the petition date if the debtor received less than reasonably equivalent value for the transfer and the debtor: (i) was insolvent at the time of the transfer or was rendered insolvent by the transfer; or (ii) was engaged in a business for which the debtor's remaining property was an unreasonably small capital.  Section 550 allows the trustee to recover the value of the property transferred in violation of section 548.  Avoidable transfers may be recovered from initial transferees pursuant to section 550(a)(1) of the Bankruptcy Code.  Avoidable transfers may be recovered from subsequent transferees pursuant to section 550(a)(2) of the Bankruptcy Code.

48.     As set forth in detail above, Defendants plundered the Debtor's assets.

49.     In specific, Hoisager, acting on his own behalf on and behalf of the entities he controls, namely TTLT, AO, and AEX, caused APC's Cash to be transferred to TTLT, AO, AEX, and himself.

50.     In addition, Hoisager, acting on his own behalf and on behalf of the entities he controls, namely TTLT, AO, and AEX, caused APC's Properties to be transferred to AEX and caused certain operating rights in the Properties to be transferred to AO.

51.     Finally, AEX and Platinum entered into the Facility and transferred lien rights on the Properties to Platinum in exchange for monetary benefits that were not received by and did not benefit the Debtor.

52.     The transfers discussed above and in the attached exhibit were made while the Debtor was insolvent, or the transfers themselves made the Debtor insolvent.  Reasonably equivalent value was not received by the Debtor with respect to such transfers.

53.     Certain of the Defendants, namely Hoisager, TTLT, AO, and AEX, were initial transferees of avoidable transfers within the meaning of the Bankruptcy Code.

54.     Platinum was a subsequent transferee of avoidable transfers within the meaning of the Bankruptcy Code.  Platinum did not give reasonably equivalent value to the Debtor in return for such transfers.  Also, Platinum was not a transferee in good faith.

55.     Accordingly, Plaintiff respectfully requests that the Court avoid the transfers of the Properties, of any lien rights thereon, and of the Debtor's Cash, all as constructive fraudulent transfers under section 548(a)(1)(B), and recover the value of the transferred property and/or its value to the bankruptcy estate pursuant to section 550.

## COUNT III

### (AVOIDANCE OF ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO TEXAS UNIFORM FRAUDULENT TRANSFER ACT AND 11 U.S.C. §§ 544(b) AND 550)

56.     Plaintiff incorporates the facts stated above as if fully set forth herein.

57.     The Texas Uniform Fraudulent Transfer Act ("**TUFTA**"), codified as Chapter 24 of the Texas Business and Commerce Code, permits the recovery of the value of any transfers made "with actual intent to hinder, delay, or defraud any creditor of the debtor" as well as those made "without receiving a reasonably equivalent value in exchange for the transfer or

obligation." TUFTA § 24.005. Transfers made within four years of the Petition Date may be avoided. TUFTA § 24.010.

58. Section 544(b) of the Bankruptcy Code allows the trustee to avoid a transfer of the debtor's interest in property that is voidable under applicable law—in this case, TUFTA. Section 550 of the Bankruptcy Code allows the trustee to recover the value of the property transferred in violation of section 548. Avoidable transfers may be recovered from initial transferees pursuant to section 550(a)(1) of the Bankruptcy Code. Avoidable transfers may be recovered from subsequent transferees pursuant to section 550(a)(2) of the Bankruptcy Code.

59. As set forth in detail above, Defendants plundered the Debtor's assets. In specific, Hoisager, acting on his own behalf on and behalf of the entities he controls, namely TTLT, AO, and AEX, caused APC's Cash to be transferred to TTLT, AO, AEX, and himself.

60. In addition, Hoisager, acting on his own behalf and on behalf of AEX and AO, caused APC's Properties to be transferred to AEX and caused certain operating rights in the Properties to be transferred to AO.

61. Finally, AEX and Platinum entered into the Facility and transferred lien rights on the Properties to Platinum in exchange for monetary benefits that were not received by, and did not benefit, the Debtor.

62. All of these transfers were made with the actual intent to hinder, delay, or defraud APC's creditors. In addition, reasonably equivalent value was not received by the Debtor with respect to such transfers. All other conditions predicate to recovery under TUFTA are met.

63. Certain of the Defendants, namely Hoisager, TTLT, AO, and AEX, were initial transferees of avoidable transfers within the meaning of the Bankruptcy Code.

64.     Platinum was a subsequent transferee of avoidable transfers within the meaning of the Bankruptcy Code.  Platinum did not give reasonably equivalent value to the Debtor in return for such transfers.  Also, Platinum was not a transferee in good faith.

65.     Accordingly, Plaintiff respectfully requests that the Court avoid the transfers of the Properties, of any lien rights thereon, and of the Debtor's Cash, all as actual and/or constructive fraudulent transfers under section 544(b) and applicable Texas state law, and recover the value of the transferred property to the bankruptcy estate pursuant to section 550.

## COUNT IV

### (AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550)

66.     Plaintiff incorporates the facts stated above as if fully set forth herein.

67.     Section 547(b) of the Bankruptcy Code permits the Trustee to avoid any transfer of an interest of the debtor in property made (i) to or for the benefit of a creditor; (ii) for or on account of an antecedent debt owed by the debtor before such transfer was made; (iii) made while the debtor was insolvent; (iv) within one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (v) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

68.     AEX is an insider that received more than $2 million from the Debtor on account of an (actual or purported) antecedent debt within a year of the Petition Date, while the Debtor was insolvent.  Such an amount is more than AEX would have received if this case were a Chapter 7 liquidation.  Accordingly, Plaintiff respectfully requests that the Court avoid such

payments as avoidance preference payments under section 547(b) and return the preferential payments to the Plaintiff pursuant to section 550.

69.    AO is an insider that received more than $882,000 from the Debtor on account of an (actual or purported) antecedent debt within a year of the Petition Date, while the Debtor was insolvent.  Such an amount is more than AO would have received if this case were a Chapter 7 liquidation.  Accordingly, Plaintiff respectfully requests that the Court avoid such payments as avoidance preference payments under section 547(b) and return the preferential payments to the Plaintiff pursuant to section 550.

70.    Hoisager is an insider who received approximately $700,000 from the Debtor on account of an (actual or purported) antecedent debt within a year of the Petition Date, while the Debtor was insolvent.  Such an amount is more than Hoisager would have received if this case were a Chapter 7 liquidation.  Accordingly, Plaintiff respectfully requests that the Court avoid such payments as avoidance preference payments under section 547(b) and return the preferential payments to the Plaintiff pursuant to section 550.

71.    TTLT is an insider that received approximately $164,000 from the Debtor on account of an (actual or purported) antecedent debt within a year of the Petition Date, while the Debtor was insolvent.  Such an amount is more than TTLT would have received if this case were a Chapter 7 liquidation.  Accordingly, Plaintiff respectfully requests that the Court avoid such payments as avoidance preference payments under section 547(b) and return the preferential payments to the Plaintiff pursuant to section 550.

## COUNT V

### (TURNOVER PURSUANT TO 11 U.S.C. § 542)

72.    Plaintiff incorporates the facts stated above as if fully set forth herein.

73.     Section 542 requires that any party holding "property of the estate" pursuant to a debt that "is matured, payable on demand, or payable on order," turn such property over to the Trustee.  11 U.S.C. § 542(b).

74.     The Debtor's Schedules—which were signed by Jason Hoisager, who is Chief Executive Officer of AEX, as managing member of APC—acknowledge that AEX Inc. owes the Debtor $3,194,968.18 (not including any interest, fees, expenses, or damages that may lawfully be added to such amounts), by virtue of its role as a working interest holder.  This debt is matured and payable on demand.

75.     Accordingly, the Plaintiff demands that AEX pay such funds to the Trustee.

## COUNT VI

**(DECLARATORY JUDGMENT CONCERNING, AND FORECLOSURE ON, LIENS ARISING UNDER THE JOINT OPERATING AGREEMENTS)**

76.     Plaintiff incorporates the facts stated above as if fully set forth herein.

77.     Article VII.B of the JOAs grants the Debtor a lien on the leasehold interests, working interests, operating rights, and overriding royalty interests of AEX, to secure its performance of all of its obligations under the JOAs, "including but not limited to payment of expense, interest and fees."  Pursuant to these duly recorded JOAs, the Debtor has a security interest in AEX's interest in the Properties to the extent of the amounts owing to it from AEX.

78.     Accordingly, Plaintiff seeks declaratory judgment to the effect that he is entitled on the Debtor's behalf to recover the full amounts owing by AEX, whether in cash or in the foreclosure and sale of AEX's interest in the Properties, or both.

79.     Additionally, the JOAs and/or Memoranda of the JOAs were duly recorded prior to the transaction by which Platinum purported to encumber the Platinum Collateral with its

liens.  Notwithstanding this fact, Platinum has taken the position that its liens are senior liens in the Properties.

80.     Accordingly, because there is an actual controversy regarding the scope of the Debtor's lien rights in the Properties, Plaintiff seeks a declaratory judgment to the effect that any liens on the Properties in favor of the Debtor under the JOAs are senior liens to which Platinum's liens are subordinate.

81.     In addition to declaratory judgment, Plaintiff seeks judicial foreclosure of AEX's interests under the JOAs.

## COUNT VII

## (BREACH OF FIDUCIARY DUTY)

82.     Plaintiff incorporates the facts stated above as if fully set forth herein.

83.     Under Texas law, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship between the plaintiff and defendant; (2) the defendant's breach of the fiduciary duties arising from that relationship; and (3) injury to the plaintiff, or benefit to the defendant, resulting from that breach.

84.     Hoisager (and other individuals and entities acting in concert with him) plundered the Debtor's assets in order to enrich himself and his associates, and to attempt to put the assets outside of the reach of the creditors of the Debtor.  At a minimum, Defendant Hoisager was under a duty of loyalty not to self-deal with respect to the assets of the Debtor.  In plain breach of this duty, he arranged transfers directly to himself and indirectly through other entities, all in order to enrich and benefit himself.  The Debtor was injured thereby.

85.     In addition, Defendant Hoisager violated his duty of care with respect to the Debtor.  As explained above, he caused the Debtor to fail to perform numerous of its legal obligations, and thereby caused the Debtor to deplete its property interests and to incur liabilities.

By his actions and inactions, Hoisager repeatedly failed and neglected to perform his duties with due care and diligence and took actions and made decisions that were tainted with self-interest, constituting breaches of his duty of care. Hoisager is not entitled to the application of the business judgment rule because these were interested-party transactions and/or because the actions and inactions that are the basis of these claims were not made in good faith and were made without his being reasonably well-informed.

86. Accordingly, Plaintiff demands that Hoisager pay damages to the Debtor in the amount it has been damaged by his wrongful acts and conduct.

87. Moreover, in addition to an award of actual and exemplary damages resulting from such breaches, Plaintiff seeks the equitable remedy of disgorgement from Hoisager—and from other Defendants who benefitted at the expense of the Debtor.

**COUNT VIII**

**(GROSS NEGLIGENCE/EXEMPLARY DAMAGES)**

88. Plaintiff incorporates the facts stated above as if fully set forth herein.

89. The injuries to the Debtor resulted from Hoisager's gross negligence and/or malice, including conscious-indifference malice, which entitles the Trustee to an award of exemplary damages under applicable law.

90. Accordingly, Plaintiff seeks exemplary damages from Hoisager.

**Conclusion**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, awarding Plaintiff (i) damages as set forth above; (ii) attorneys' fees and costs; (iii) pre and post-judgment interest on all of the foregoing amounts at the applicable rate; and (iv) such additional and further relief as this Court deems just and proper.

Dated: February 29, 2016
      Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By:    */s/ Eric J. Taube*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
    Christopher G. Bradley
    State Bar No. 24069407
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    512 685 6400 – phone
    512 685 6417 – fax
    Email:  eric.taube@wallerlaw.com
            mark.taylor@wallerlaw.com
            chris.bradley@wallerlaw.com

COUNSEL FOR THE TRUSTEE

# EXHIBIT A

## Arabella Petroleum Company
**Payment Summary**

### Jason & Molly Hoisager
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|------|-----------|----------|--------|
| 07/12/11 | E0000116 | Jason Hoisager | 4,000.00 |
| 07/14/11 | E0000118 | Molly Hoisager | 3,000.00 |
| 07/15/11 | E0000121 | Jason Hoisager | 2,000.00 |
| 07/15/11 | E0000120 | Molly Hoisager | 2,000.00 |
| 07/18/11 | E0000124 | Molly Hoisager | 2,000.00 |
| 07/22/11 | E0000126 | Molly Hoisager | 3,000.00 |
| 07/25/11 | E0000127 | Jason Hoisager | 2,000.00 |
| 07/26/11 | E0000128 | Jason Hoisager | 4,100.00 |
| 08/03/11 | 1032 | Molly Hoisager | 2,000.00 |
| 08/03/11 | E0000425 | Jason Hoisager | 3,000.00 |
| 08/12/11 | E0000421 | Molly Hoisager | 7,400.00 |
| 08/15/11 | 1053 | Molly Hoisager | 2,000.00 |
| 08/15/11 | 1052 | Jason Hoisager | 3,000.00 |
| 08/15/11 | E0000420 | Molly Hoisager | 7,400.00 |
| 08/26/11 | 1062 | Jason Hoisager | 607.54 |
| 08/31/11 | E0000429 | Jason Hoisager | 2,500.00 |
| 09/01/11 | 10001 | Molly Hoisager | 2,000.00 |
| 09/13/11 | E0000004 | Molly Hoisager | 5,000.00 |
| 09/15/11 | 10012 | Jason Hoisager | 403.05 |
| 09/15/11 | 10011 | Jason Hoisager | 2,500.00 |
| 09/29/11 | 10033 | Molly Hoisager | 2,000.00 |
| 09/29/11 | 10032 | Jason Hoisager | 2,500.00 |
| 10/12/11 | E0000012 | Jason Hoisager | 300.00 |
| 10/12/11 | E0000011 | Molly Hoisager | 381.40 |
| 10/14/11 | 10040 | Molly Hoisager | 2,000.00 |
| 10/14/11 | 10039 | Jason Hoisager | 2,500.00 |
| 10/31/11 | 10054 | Molly Hoisager | 2,000.00 |
| 10/31/11 | 10053 | Jason Hoisager | 2,500.00 |
| 11/07/11 | 10069 | Jason Hoisager | 450.00 |
| 11/07/11 | E0000022 | Molly Hoisager | 5,000.00 |
| 11/09/11 | 10074 | Jason Hoisager | 4,500.00 |
| 11/09/11 | 10075 | Molly Hoisager | 4,500.00 |
| 11/15/11 | 10083 | Molly Hoisager | 2,000.00 |
| 11/15/11 | 10081 | Jason Hoisager | 2,500.00 |
| 11/15/11 | 10082 | Jason Hoisager | 3,311.02 |
| 11/28/11 | E0000025 | Jason Hoisager | 6,000.00 |
| 11/29/11 | E0000026 | Molly Hoisager | 5,500.00 |
| 11/30/11 | 10111 | Jason Hoisager | 352.95 |
| 11/30/11 | 10112 | Molly Hoisager | 2,000.00 |
| 11/30/11 | 10110 | Jason Hoisager | 2,500.00 |

# EXHIBIT A

**Arabella Petroleum Company**
**Payment Summary**

**Jason & Molly Hoisager**
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|---|---|---|---|
| 12/01/11 | E0000028 | Jason Hoisager | 12,000.00 |
| 12/08/11 | E0000029 | Jason Hoisager | 6,000.00 |
| 12/13/11 | 10120 | Jason Hoisager | 73,500.00 |
| 12/14/11 | 10125 | Molly Hoisager | 2,000.00 |
| 12/14/11 | 10124 | Jason Hoisager | 2,500.00 |
| 12/14/11 | 10132 | Jason Hoisager | 5,600.00 |
| 12/15/11 | E0000033 | Jason Hoisager | 30,987.35 |
| 12/19/11 | 10134 | Jason Hoisager | 1,378.98 |
| 12/30/11 | 10147 | Molly Hoisager | 2,000.00 |
| 12/30/11 | 10146 | Jason Hoisager | 2,500.00 |
| 01/06/12 | 10160 | Jason Hoisager | 20,000.00 |
| 01/10/12 | E0000048 | Jason Hoisager | 15,000.00 |
| 01/13/12 | E0000061 | Jason Hoisager | 7,500.00 |
| 01/20/12 | 10178 | Molly Hoisager | 2,000.00 |
| 01/20/12 | 10177 | Jason Hoisager | 2,500.00 |
| 01/27/12 | 10205 | Jason Hoisager | 22,000.00 |
| 02/01/12 | E0000078 | Jason Hoisager | 46,000.00 |
| 02/03/12 | E0000083 | Molly Hoisager | 2,000.00 |
| 02/03/12 | E0000082 | Jason Hoisager | 2,500.00 |
| 02/08/12 | E0000091 | Jason Hoisager | 10,000.00 |
| 02/14/12 | 10276 | Jason Hoisager | 500,000.00 |
| 02/16/12 | 10287 | Molly Hoisager | 2,000.00 |
| 02/16/12 | 10286 | Jason Hoisager | 2,680.00 |
| 03/01/12 | 10313 | Molly Hoisager | 2,000.00 |
| 03/01/12 | 10312 | Jason Hoisager | 2,500.00 |
| 03/08/12 | 10362 | Jason Hoisager | 35,000.00 |
| 03/14/12 | 10387 | Jason Hoisager | 70,000.00 |
| 03/15/12 | 10395 | Molly Hoisager | 2,000.00 |
| 03/15/12 | 10394 | Jason Hoisager | 2,500.00 |
| 03/16/12 | E0000111 | Jason Hoisager | 24,000.00 |
| 03/23/12 | E0000121 | Jason Hoisager | 45,000.00 |
| 03/30/12 | 10466 | Molly Hoisager | 2,000.00 |
| 03/30/12 | 10465 | Jason Hoisager | 2,500.00 |
| 04/12/12 | 10519 | Jason Hoisager | 45,500.00 |
| 04/13/12 | 10527 | Molly Hoisager | 2,000.00 |
| 04/13/12 | 10526 | Jason Hoisager | 2,500.00 |
| 04/17/12 | 10551 | Jason Hoisager | 62,500.00 |
| 04/17/12 | 10552 | Jason Hoisager | 250,000.00 |
| 04/18/12 | E0000448 | Jason Hoisager | 5,000.00 |
| 04/23/12 | E0000139 | Jason Hoisager | 20,000.00 |

# EXHIBIT A

## Arabella Petroleum Company
### Payment Summary

### Jason & Molly Hoisager
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|---|---|---|---|
| 04/26/12 | 10575 | Molly Hoisager | 2,000.00 |
| 04/26/12 | 10574 | Jason Hoisager | 2,500.00 |
| 05/08/12 | E0000449 | Jason Hoisager | 5,000.00 |
| 05/09/12 | 10611 | Molly Hoisager | 2,000.00 |
| 05/09/12 | 10610 | Jason Hoisager | 2,500.00 |
| 05/09/12 | E0000476 | Jason Hoisager | 10,000.00 |
| 05/10/12 | E0000472 | Jason Hoisager | 5,000.00 |
| 05/11/12 | E0000473 | Jason Hoisager | 5,000.00 |
| 05/21/12 | E0000456 | Jason Hoisager | 40,000.00 |
| 05/21/12 | E0000459 | Jason Hoisager | 40,000.00 |
| 05/24/12 | 10635 | Molly Hoisager | 2,000.00 |
| 05/24/12 | 10634 | Jason Hoisager | 2,500.00 |
| 05/31/12 | E0000463 | Jason Hoisager | 20,000.00 |
| 06/04/12 | E0000464 | Jason Hoisager | 7,000.00 |
| 06/07/12 | 10680 | Molly Hoisager | 2,000.00 |
| 06/07/12 | 10679 | Jason Hoisager | 2,500.00 |
| 06/11/12 | E0000480 | Jason Hoisager | 25,000.00 |
| 06/18/12 | 10688 | Jason Hoisager | 62,500.00 |
| 06/19/12 | 10692 | Jason Hoisager | 30,000.00 |
| 06/21/12 | 10701 | Molly Hoisager | 2,000.00 |
| 06/21/12 | 10700 | Jason Hoisager | 2,500.00 |
| 06/28/12 | 10720 | Jason Hoisager | 2,500.00 |
| 07/02/12 | E0000496 | Jason Hoisager | 35,000.00 |
| 07/03/12 | 10729 | Molly Hoisager | 2,000.00 |
| 07/03/12 | 10728 | Jason Hoisager | 2,500.00 |
| 07/16/12 | E0000513 | Jason Hoisager | 10,000.00 |
| 07/20/12 | 10764 | Molly Hoisager | 2,000.00 |
| 07/20/12 | 10763 | Jason Hoisager | 2,500.00 |
| 07/24/12 | 536 | Jason Hoisager | 4,000.00 |
| 07/27/12 | 544 | Jason Hoisager | 6,500.00 |
| 07/31/12 | 1001137 | Jason Hoisager | 19,000.00 |
| 07/31/12 | 545 | Jason Hoisager | 19,000.00 |
| 08/03/12 | PRC-8 | Molly Hoisager | 2,000.00 |
| 08/03/12 | PRC-8 | Jason Hoisager | 2,500.00 |
| 08/07/12 | 604 | Jason Hoisager | 7,500.00 |
| 08/10/12 | 553 | Jason Hoisager | 10,000.00 |
| 08/17/12 | PRC-9 | Molly Hoisager | 2,000.00 |
| 08/17/12 | PRC-9 | Jason Hoisager | 2,500.00 |
| 08/21/12 | 575 | Jason Hoisager | 4,000.00 |
| 08/27/12 | 578 | Jason Hoisager | 5,078.20 |

# EXHIBIT A

## Arabella Petroleum Company
### Payment Summary

### Jason & Molly Hoisager
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|---|---|---|---|
| 09/06/12 | 585 | Jason Hoisager | 6,000.00 |
| 09/10/12 | 586 | Jason Hoisager | 11,000.00 |
| 09/14/12 | PRC-22 | Molly Hoisager | 2,000.00 |
| 09/14/12 | PRC-22 | Jason Hoisager | 2,500.00 |
| 09/18/12 | 614 | Jason Hoisager | 10,000.00 |
| 09/22/12 | 618 | Jason Hoisager | 27,000.00 |
| 09/27/12 | 620 | Jason Hoisager | 12,000.00 |
| 09/28/12 | PRC-23 | Molly Hoisager | 2,000.00 |
| 09/28/12 | PRC-23 | Jason Hoisager | 2,500.00 |
| 10/12/12 | PRC-24 | Molly Hoisager | 2,000.00 |
| 10/12/12 | PRC-24 | Jason Hoisager | 2,538.95 |
| 10/24/12 | 647 | Jason Hoisager | 10,000.00 |
| 10/26/12 | PRC-25 | Molly Hoisager | 2,000.00 |
| 10/26/12 | PRC-25 | Jason Hoisager | 2,500.00 |
| 11/05/12 | 1 | Jason Hoisager | 75,800.00 |
| 11/09/12 | PRC-26 | Molly Hoisager | 2,000.00 |
| 11/09/12 | PRC-26 | Jason Hoisager | 2,500.00 |
| 11/09/12 | 664 | Jason Hoisager | 55,000.00 |
| 11/12/12 | 674 | Jason Hoisager | 8,357.44 |
| 11/19/12 | 677 | Jason Hoisager | 20,000.00 |
| 11/19/12 | 676 | Jason Hoisager | 25,870.56 |
| 11/21/12 | PRC-27 | Molly Hoisager | 2,000.00 |
| 11/21/12 | PRC-27 | Jason Hoisager | 2,500.00 |
| 12/07/12 | PRC-28 | Molly Hoisager | 2,000.00 |
| 12/07/12 | PRC-28 | Jason Hoisager | 2,500.00 |
| 12/21/12 | PRC-30 | Molly Hoisager | 2,000.00 |
| 12/21/12 | PRC-30 | Jason Hoisager | 2,500.00 |
| 12/24/12 | 730 | Jason Hoisager | 3,000.00 |
| 12/31/12 | 711 | Jason Hoisager | 20,000.00 |
| 01/04/13 | PRC-31 | Molly Hoisager | 2,000.00 |
| 01/04/13 | PRC-31 | Jason Hoisager | 2,500.00 |
| 01/10/13 | 716 | Jason Hoisager | 40,000.00 |
| 01/15/13 | 11349 | Jason Hoisager | 535,000.00 |
| 01/18/13 | PRC-32 | Molly Hoisager | 2,000.00 |
| 01/18/13 | PRC-32 | Jason Hoisager | 2,500.00 |
| 01/22/13 | 732 | Jason Hoisager | 32,000.00 |
| 01/25/13 | 749 | Jason Hoisager | 2,000.00 |
| 01/29/13 | 750 | Jason Hoisager | 15,000.00 |
| 01/31/13 | 757 | Jason Hoisager | 14,000.00 |
| 02/01/13 | PRC-34 | Molly Hoisager | 2,000.00 |

## EXHIBIT A

**Arabella Petroleum Company**
**Payment Summary**

**Jason & Molly Hoisager**
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|------|-----------|----------|--------|
| 02/01/13 | PRC-34 | Jason Hoisager | 2,500.00 |
| 02/06/13 | 752 | Jason Hoisager | 3,000.00 |
| 02/12/13 | 760 | Jason Hoisager | 5,000.00 |
| 02/14/13 | 764 | Jason Hoisager | 11,000.00 |
| 02/15/13 | 808 | Jason Hoisager | 1,000.00 |
| 02/15/13 | PRC-35 | Molly Hoisager | 2,000.00 |
| 02/15/13 | PRC-35 | Jason Hoisager | 2,500.00 |
| 02/19/13 | 766 | Jason Hoisager | 13,000.00 |
| 02/20/13 | 772 | Jason Hoisager | 12,667.93 |
| 02/22/13 | 773 | Jason Hoisager | 2,000.00 |
| 02/27/13 | 787 | Jason Hoisager | 2,500.00 |
| 03/01/13 | PRC-36 | Molly Hoisager | 2,000.00 |
| 03/01/13 | PRC-36 | Jason Hoisager | 2,500.00 |
| 03/06/13 | 825 | Jason Hoisager | 4,000.00 |
| 03/08/13 | 796 | Jason Hoisager | 4,000.00 |
| 03/14/13 | 799 | Jason Hoisager | 49,000.00 |
| 03/15/13 | PRC-38 | Molly Hoisager | 2,000.00 |
| 03/15/13 | PRC-38 | Jason Hoisager | 2,500.00 |
| 03/22/13 | 811 | Jason Hoisager | 4,500.00 |
| 03/25/13 | 815 | Jason Hoisager | 3,000.00 |
| 03/28/13 | PRC-39 | Molly Hoisager | 2,000.00 |
| 03/28/13 | PRC-39 | Jason Hoisager | 2,500.00 |
| 04/03/13 | 24 | Jason Hoisager | 45,000.00 |
| 04/08/13 | 835 | Jason Hoisager | 30,000.00 |
| 04/09/13 | 836 | Jason Hoisager | 10,000.00 |
| 04/12/13 | PRC-40 | Molly Hoisager | 2,000.00 |
| 04/12/13 | PRC-40 | Jason Hoisager | 2,500.00 |
| 04/15/13 | 838 | Jason Hoisager | 4,000.00 |
| 04/18/13 | 846 | Jason Hoisager | 3,000.00 |
| 04/23/13 | 842 | Jason Hoisager | 2,000.00 |
| 04/24/13 | 843 | Jason Hoisager | 8,000.00 |
| 04/26/13 | PRC-42 | Molly Hoisager | 2,000.00 |
| 04/26/13 | PRC-42 | Jason Hoisager | 2,500.00 |
| 04/26/13 | 848 | Jason Hoisager | 6,200.00 |
| 05/10/13 | 874 | Jason Hoisager | 756.50 |
| 05/10/13 | PRC-43 | Molly Hoisager | 2,000.00 |
| 05/10/13 | PRC-43 | Jason Hoisager | 2,500.00 |
| 05/15/13 | 887 | Jason Hoisager | 2,500.00 |
| 05/21/13 | 888 | Jason Hoisager | 500.00 |
| 05/22/13 | 892 | Jason Hoisager | 1,500.00 |

# EXHIBIT A

### Arabella Petroleum Company
**Payment Summary**

### Jason & Molly Hoisager
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|------|-----------|----------|--------|
| 05/22/13 | 893 | Jason Hoisager | 3,500.00 |
| 05/22/13 | 11729 | Jason Hoisager | 6,721.45 |
| 05/24/13 | PRC-44 | Molly Hoisager | 2,000.00 |
| 05/24/13 | PRC-44 | Jason Hoisager | 2,500.00 |
| 05/31/13 | 902 | Jason Hoisager | 6,000.00 |
| 06/04/13 | 903 | Jason Hoisager | 2,000.00 |
| 06/05/13 | 1164 | Jason Hoisager | 4,000.00 |
| 06/06/13 | 1151 | Jason Hoisager | 630.00 |
| 06/07/13 | PRC-45 | Molly Hoisager | 2,000.00 |
| 06/07/13 | PRC-45 | Jason Hoisager | 2,500.00 |
| 06/11/13 | 1157 | Jason Hoisager | 204.00 |
| 06/14/13 | 922 | Jason Hoisager | 5,000.00 |
| 06/18/13 | 1154 | Jason Hoisager | 432.00 |
| 06/19/13 | 1155 | Jason Hoisager | 768.00 |
| 06/21/13 | PRC-46 | Molly Hoisager | 2,000.00 |
| 06/21/13 | PRC-46 | Jason Hoisager | 2,500.00 |
| 06/26/13 | 930 | Jason Hoisager | 25,000.00 |
| 07/03/13 | PRC-47 | Molly Hoisager | 2,000.00 |
| 07/03/13 | PRC-47 | Jason Hoisager | 2,500.00 |
| 07/03/13 | 934 | Jason Hoisager | 200,000.00 |
| 07/10/13 | 936 | Jason Hoisager | 10,000.00 |
| 07/12/13 | 1171 | Jason Hoisager | 110.96 |
| 07/19/13 | 942 | Jason Hoisager | 10,000.00 |
| 08/02/13 | 966 | Jason Hoisager | 4,500.00 |
| 08/08/13 | 1003 | Jason Hoisager | 1,000.00 |
| 08/12/13 | 1004 | Jason Hoisager | 2,000.00 |
| 08/19/13 | 1007 | Jason Hoisager | 4,500.00 |
| 09/13/13 | 1026 | Jason Hoisager | 4,500.00 |
| 09/18/13 | 1029 | Jason Hoisager | 10,000.00 |
| 09/20/13 | 1036 | Jason Hoisager | 500.00 |
| 09/27/13 | 1048 | Jason Hoisager | 4,500.00 |
| 10/09/13 | 1057 | Jason Hoisager | 11,124.45 |
| 10/17/13 | 12060 | Jason Hoisager | 13,300.00 |
| 11/01/13 | 1077 | Jason Hoisager | 7,000.00 |
| 11/05/13 | 1080 | Jason Hoisager | 3,000.00 |
| 11/08/13 | 1219 | Jason Hoisager | 10,000.00 |
| 11/15/13 | 1220 | Jason Hoisager | 5,000.00 |
| 11/18/13 | 1095 | Jason Hoisager | 2,500.00 |
| 11/21/13 | 1113 | Jason Hoisager | 4,500.00 |
| 12/02/13 | 1119 | Jason Hoisager | 3,000.00 |

# EXHIBIT A

**Arabella Petroleum Company**
**Payment Summary**

**Jason & Molly Hoisager**
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|---|---|---|---|
| 12/04/13 | 1128 | Jason Hoisager | 5,000.00 |
| 12/09/13 | 1237 | Jason Hoisager | 2,734.65 |
| 12/09/13 | 1236 | Jason Hoisager | 7,265.35 |
| 12/09/13 | 1129 | Jason Hoisager | 10,000.00 |
| 12/13/13 | 1258 | Jason Hoisager | 5,000.00 |
| 12/18/13 | 1268 | Jason Hoisager | 6,000.00 |
| 12/20/13 | 1275 | Jason Hoisager | 3,000.00 |
| 12/23/13 | 1277 | Jason Hoisager | 20,000.00 |
| 12/26/13 | 1278 | Jason Hoisager | 3,000.00 |
| 01/10/14 | 1221 | Jason Hoisager | 6,000.00 |
| 02/05/14 | 1358 | Jason Hoisager | 24,613.08 |
| 05/16/14 | TR140516 | Jason Hoisager | 5,760.00 |
| 06/25/14 | TR140625 | Jason Hoisager | 300.00 |
| 06/25/14 | 12636 | Jason Hoisager | 2,000,000.00 |
| 07/10/14 | TR140710 | Jason Hoisager | 76,900.62 |
| 08/22/14 | TR140822 | Jason Hoisager | 250,000.00 |
| 09/02/14 | TR140902 | Jason Hoisager | 3,000.00 |
| 10/03/14 | XFER1410 | Jason Hoisager | 2,500.00 |
| 10/06/14 | XFER1410 | Jason Hoisager | 1,000.00 |
| 10/07/14 | TR141007 | Jason Hoisager | 2,000.00 |
| 10/08/14 | TR141008 | Jason Hoisager | 4,000.00 |
| 10/15/14 | TR141015 | Jason Hoisager | 20,000.00 |
| 10/20/14 | TR141020 | Jason Hoisager | 32,000.00 |
| 11/20/14 | TR141120 | Jason Hoisager | 10,500.00 |
| 12/08/14 | 141208 | Jason Hoisager | 6,000.00 |
| 12/11/14 | 141211 | Jason Hoisager | 13,800.00 |
| 12/15/14 | TR141215 | Jason Hoisager | 1,000.00 |
| 12/18/14 | TR141218 | Jason Hoisager | 500.00 |
| 01/06/15 | XF160106 | Jason Hoisager | 2,800.00 |
| 01/08/15 | XF150108 | Jason Hoisager | 1,000.00 |
| 01/09/15 | XF150109 | Jason Hoisager | 3,000.00 |
| 01/13/15 | XF150113 | Jason Hoisager | 13,000.00 |
| 02/06/15 | XF-FEB06 | Jason Hoisager | 1,000.00 |
| 02/09/15 | X150209 | Jason Hoisager | 27,000.00 |
| 02/11/15 | X150211 | Jason Hoisager | 33,000.00 |
| 02/23/15 | XF150223 | Jason Hoisager | 110.00 |
| 02/23/15 | XF150223 | Jason Hoisager | 1,600.00 |
| 02/24/15 | XF150224 | Jason Hoisager | 500.00 |
| 02/25/15 | XF150225 | Jason Hoisager | 50,000.00 |
| 02/25/15 | XF150225 | Jason Hoisager | 195,000.00 |

# EXHIBIT A

## Arabella Petroleum Company
**Payment Summary**

**Jason & Molly Hoisager**
7/10/11 - 7/10/15

| Date | Reference | Category | Amount |
|---|---|---|---|
| 03/05/15 | XF150305 | Jason Hoisager | 250.00 |
| 03/05/15 | XF150305 | Jason Hoisager | 600.00 |
| 03/18/15 | XF150318 | Jason Hoisager | 1,000.00 |
| 03/20/15 | XF150320 | Jason Hoisager | 1,500.00 |
| 03/24/15 | XF150324 | Jason Hoisager | 500.00 |
| 03/31/15 | XF150331 | Jason Hoisager | 335.00 |
| 04/03/15 | XF150403 | Jason Hoisager | 165.00 |
| 04/06/15 | XF150406 | Jason Hoisager | 670.00 |
| 04/20/15 | 43 | Jason Hoisager | 837.04 |
| 04/20/15 | XF150420 | Jason Hoisager | 2,000.00 |
| 04/20/15 | XF150420 | Jason Hoisager | 2,500.00 |
| 04/20/15 | XF150420 | Jason Hoisager | 2,500.00 |
| 04/21/15 | XF150421 | Jason Hoisager | 1,000.00 |
| 04/30/15 | XF150430 | Jason Hoisager | 2,000.00 |
| 05/11/15 | 45 | Jason Hoisager | 93.10 |
| | | **TOTAL** | **6,353,246.57** |

# EXHIBIT B

## Arabella Petroleum Company
**Payment Summary**

### Trans - Texas Land & Title
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 07/12/11 | E0000413 | 690.00 |
| 07/20/11 | E0000261 | 11,519.23 |
| 08/05/11 | E0000282 | 9,643.35 |
| 08/22/11 | E0000422 | 3,150.00 |
| 08/24/11 | E0000427 | 6,400.00 |
| 09/01/11 | E0000432 | 2,876.56 |
| 09/01/11 | E0000431 | 6,693.61 |
| 09/02/11 | E0000433 | 2,874.00 |
| 09/02/11 | E0000001 | 11,033.48 |
| 11/03/11 | 10065 | 26,695.00 |
| 11/17/11 | 10095 | 18,450.00 |
| 11/21/11 | 10098 | 1,350.00 |
| 12/01/11 | 10115 | 25,000.00 |
| 12/06/11 | 10116 | 1,250.00 |
| 02/15/12 | 10278 | 45,000.00 |
| 03/20/12 | 10431 | 40,000.00 |
| 05/09/12 | 10619 | 5,400.00 |
| 05/15/12 | E0000454 | 18,500.00 |
| 05/30/12 | 10644 | 2,000.00 |
| 06/01/12 | 10662 | 23,000.00 |
| 06/07/12 | 10682 | 850.00 |
| 06/18/12 | 10687 | 18,000.00 |
| 06/29/12 | 10724 | 31,500.00 |
| 07/03/12 | 10739 | 2,750.00 |
| 07/13/12 | 10754 | 33,500.00 |
| 07/23/12 | 10778 | 6,750.00 |
| 08/02/12 | 10822 | 32,700.00 |
| 08/03/12 | 10829 | 4,300.00 |
| 08/08/12 | 10857 | 10,000.00 |
| 08/10/12 | 10867 | 12,000.00 |
| 08/30/12 | 10914 | 14,396.16 |
| 08/31/12 | 10918 | 28,500.00 |
| 09/14/12 | 10953 | 65,000.00 |
| 09/20/12 | 10974 | 17,000.00 |
| 10/05/12 | 669 | 26,000.00 |
| 10/15/12 | 11070 | 41,000.00 |
| 10/29/12 | 11153 | 122,000.00 |
| 10/31/12 | 2 | 140,000.00 |
| 11/02/12 | 11125 | 99,626.98 |
| 11/02/12 | 11126 | 122,000.00 |
| 11/09/12 | 666 | 175,000.00 |
| 11/30/12 | 11183 | 32,000.00 |

# EXHIBIT B

## Arabella Petroleum Company
**Payment Summary**

### Trans - Texas Land & Title
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 12/04/12 | 11185 | 7,500.00 |
| 12/12/12 | 11206 | 2,500.00 |
| 12/13/12 | 11221 | 25,000.00 |
| 12/28/12 | 11323 | 27,000.00 |
| 01/10/13 | 10229 | 19,000.00 |
| 01/31/13 | 11425 | 34,000.00 |
| 02/07/13 | 11431 | 13,500.00 |
| 02/08/13 | 810 | 13,500.00 |
| 02/14/13 | 761 | 31,500.00 |
| 02/15/13 | 763 | 3,000.00 |
| 02/21/13 | 768 | 17,500.00 |
| 02/25/13 | 776 | 17,000.00 |
| 02/27/13 | 785 | 2,500.00 |
| 03/04/13 | 794 | 23,000.00 |
| 03/08/13 | 795 | 6,750.00 |
| 03/14/13 | 828 | 33,000.00 |
| 04/04/13 | 26 | 26,000.00 |
| 04/11/13 | 11624 | 28,500.00 |
| 04/23/13 | 841 | 15,000.00 |
| 04/25/13 | 854 | 20,000.00 |
| 05/07/13 | 867 | 10,500.00 |
| 05/10/13 | 873 | 25,000.00 |
| 05/24/13 | 896 | 16,000.00 |
| 06/04/13 | 904 | 5,000.00 |
| 06/07/13 | 911 | 18,000.00 |
| 06/14/13 | 923 | 25,000.00 |
| 06/20/13 | 927 | 45,000.00 |
| 07/01/13 | 931 | 10,500.00 |
| 07/25/13 | 11904 | 37,000.00 |
| 07/29/13 | 960 | 26,000.00 |
| 08/07/13 | 11923 | 17,000.00 |
| 08/15/13 | 1006 | 20,000.00 |
| 08/21/13 | 1011 | 31,000.00 |
| 09/10/13 | 1024 | 40,000.00 |
| 09/13/13 | 1025 | 20,000.00 |
| 09/20/13 | 1035 | 40,000.00 |
| 10/07/13 | 1054 | 20,000.00 |
| 10/17/13 | 1062 | 45,000.00 |
| 10/24/13 | 1069 | 10,000.00 |
| 10/31/13 | 1074 | 30,000.00 |
| 11/15/13 | 1092 | 45,000.00 |
| 11/26/13 | 1114 | 15,000.00 |

# EXHIBIT B

## Arabella Petroleum Company
**Payment Summary**

### Trans - Texas Land & Title
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 12/13/13 | 1257 | 20,000.00 |
| 12/31/13 | 1279 | 20,000.00 |
| 04/17/14 | 12559 | 2,227.02 |
| 05/01/14 | TRNSFR | 500.00 |
| 05/08/14 | TRNSFR | 30,000.00 |
| 05/22/14 | 12609 | 44,298.69 |
| 06/26/14 | WD140626 | 24,889.84 |
| 08/28/14 | TR140828 | 9,500.00 |
| 09/05/14 | DR140905 | 22,000.00 |
| 09/16/14 | TR140916 | 13,500.00 |
| 09/30/14 | JE14-9-2 | 75,889.84 |
| 10/10/14 | TR141010 | 8,200.00 |
| 12/19/14 | XF141219 | 10,000.00 |
| 12/24/14 | TR141224 | 12,500.00 |
| 01/20/15 | XF150120 | 4,500.00 |
| 03/05/15 | XF150305 | 8,000.00 |
| 03/13/15 | XF150313 | 25.00 |

TOTAL **2,519,178.76**

# EXHIBIT C

## Arabella Petroleum Company
## Assignment of Oil, Gas and Mineral Lease Interests to Arabella Exploration
## Dated 7/10/11 to 7/10/15

| Recording Date | Effective Date[1] | Well Name | Assignment Percentage | County | Volume/Page |
|---|---|---|---|---|---|
| 08/30/13 | 03/15/13 | Allar State | 51.41% | Reeves | 1021/669 |
| 09/19/13 | 03/15/13 | Cannon | 100.00% | Reeves | 1024/719 |
| 08/30/13 | 03/15/13 | Cox | 100.00% | Reeves | 1021/644 |
| Unrecorded | 03/01/13 | Emily Bell 1H | 1.00% | Reeves | Unrecorded |
| 08/30/13 | 03/15/13 | Emily Bell 1H | 46.73% | Reeves | 1021/658 |
| 05/15/15 | 03/01/13 | Emily Bell 1H | 9.15% | Reeves | 1164/611 |
| 08/30/13 | 03/15/13 | Emily Bell 2H | 46.73% | Reeves | 1021/658 |
| 07/18/13 | 10/15/12 | Graham 1H | 6.65% | Reeves | 1012/132 |
| 05/15/15 | 10/15/12 | Graham 1H | 2.20% | Reeves | 1164/650 |
| 05/08/15 | 03/01/13 | Jackson 1H | 55.88% | Ward | 1040/676 |
| 05/08/15 | 03/01/13 | Jackson 2H | 52.06% | Ward | 1040/682 |
| 05/15/15 | 03/01/13 | Jobe Ranch | 48.94% | Reeves | 1164/640 |
| 05/15/15 | 10/15/12 | Johnson | 2.20% | Reeves | 1164/650 |
| 07/18/13 | 10/15/12 | Johnson 103 & 138 | 6.65% | Reeves | 1012/132 |
| 05/15/15 | 10/15/12 | Johnson 103 & 138 | 2.40% | Reeves | 1164/668 |
| 12/12/13 | 03/15/13 | Johnson 44 | 55.19% | Loving | 2013-2314 |
| 06/26/14 | 12/01/13 | Johnson 6 & 20 | 100.00% | Reeves | 1086/116 |
| 08/30/13 | 03/15/13 | Kesey | 51.41% | Reeves | 1021/649 |
| 05/15/15 | 03/01/13 | Kesey | 3.78% | Reeves | 1164/634 |
| 07/18/13 | 10/15/12 | Locker State | 6.65% | Reeves | 1012/132 |
| 01/08/15 | 10/15/12 | Locker State | 1.20% | Reeves | 1135/756 |
| 05/15/15 | 10/15/12 | Locker State | 2.20% | Reeves | 1164/650 |
| 05/15/15 | 11/16/13 | Meeker | 100.00% | Reeves | 1164/608 |
| 07/18/13 | 10/15/12 | Prewitt | 6.65% | Reeves | 1012/132 |
| 01/08/15 | 10/15/12 | Prewitt | 1.20% | Reeves | 1135/756 |
| 05/15/15 | 10/15/12 | Prewitt | 2.20% | Reeves | 1164/650 |
| 12/11/13 | 03/15/13 | Roark | 100.00% | Winkler | C12460 |
| Unrecorded | 03/01/13 | T. Johnson State | 3.78% | Reeves | Unrecorded |
| 08/30/13 | 03/15/13 | T. Johnson State | 51.41% | Reeves | 1021/655 |
| 08/30/13 | 03/15/13 | Vastar State | 51.41% | Reeves | 1021/652 |
| 05/15/15 | 03/01/13 | Vastar State | 6.74% | Reeves | 1164/629 |
| 12/12/13 | 03/15/13 | Weatherby State | 48.94% | Pecos | 97/730 |
| 08/30/13 | 03/15/13 | Woods 1H | 0% | Reeves | 1021/707 |
| 09/27/13 | 03/15/13 | Woods 1H* | 23.16% | Reeves | 1026/556 |
| 08/30/13 | 03/15/13 | Woods 2H | 0% | Reeves | 1021/703 |
| 09/27/13 | 03/15/13 | Woods 2H* | 28.53% | Reeves | 1026/553 |
| 05/15/15 | 03/01/13 | Woods 2H | 4.12% | Reeves | 1164/616 |
| 08/30/13 | 04/02/13 | Worsham | 87.50% | Reeves | 1021/672 |

[1] The effective dates stated herein are drawn from the transaction documents and other documents in the Debtor's books and records.  The inclusion of the effective dates herein is not a concession by the Debtor or the Trustee that the transfers were in fact effective as of such dates.

\* Corrections to prior purported transfers (listed above as 0% assignments).

# EXHIBIT D

## Arabella Petroleum Company
**Payment Summary**

### Arabella Exploration
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 09/26/11 | 10025 | 20,000.00 |
| 11/03/11 | 10066 | 44,682.07 |
| 11/07/11 | 10068 | 6,050.00 |
| 11/17/11 | 10096 | 2,600.00 |
| 11/17/11 | 10094 | 24,250.00 |
| 12/28/11 | 10141 | 15,050.00 |
| 03/09/12 | 10363 | 22,000.00 |
| 05/04/12 | 10601 | 1,000.00 |
| 08/02/12 | 10820 | 5,400.00 |
| 08/30/12 | 10913 | 57,511.48 |
| 09/14/12 | 10954 | 31,750.00 |
| 02/22/13 | | 16,248.08 |
| 02/25/13 | 774 | 11,000.00 |
| 02/27/13 | 786 | 500.00 |
| 03/22/13 | | 6,948.08 |
| 04/04/13 | 25 | 10,500.00 |
| 04/25/13 | | 7,101.50 |
| 05/25/13 | | 3,886.83 |
| 06/04/13 | | 18,146.86 |
| 06/25/13 | | 7,420.00 |
| 07/25/13 | | 22,190.21 |
| 07/29/13 | 961 | 4,000.00 |
| 08/26/13 | | 105,019.17 |
| 09/25/13 | | 34,766.50 |
| 10/25/13 | | 391,598.86 |
| 11/06/13 | 1081 | 25,000.00 |
| 11/15/13 | 1093 | 5,000.00 |
| 11/25/13 | | 133,919.66 |
| 12/18/13 | 1138 | 20,000.00 |
| 12/26/13 | 1148 | 107,606.75 |
| 12/30/13 | | 81,606.30 |
| 01/31/14 | | 71,123.81 |
| 02/27/14 | | 19,770.88 |
| 02/28/14 | 10938 | 55,773.90 |
| 03/06/14 | 12405 | 150,000.00 |
| 03/11/14 | 12460 | 150,000.00 |
| 03/20/14 | | 183,589.25 |
| 03/31/14 | 12524 | 532,424.75 |
| 04/15/14 | | 374,242.98 |
| 05/01/14 | TRNSFR | 175,300.00 |
| 05/08/14 | TRNSFR | 115,000.00 |
| 05/12/14 | TRNSFR | 12,500.00 |

# EXHIBIT D

## Arabella Petroleum Company
**Payment Summary**

### Arabella Exploration
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 05/13/14 | TRNSFR | 10,000.00 |
| 05/19/14 | TRNSFR | 10,000.00 |
| 05/20/14 | TRNSFR | 10,000.00 |
| 05/20/14 | | 243,753.91 |
| 06/05/14 | WD140605 | 55,000.00 |
| 06/09/14 | WD140609 | 14,000.00 |
| 06/12/14 | DR140612 | 112,362.00 |
| 06/23/14 | WD140623 | 10,000.00 |
| 06/23/14 | WD140623 | 10,000.00 |
| 07/07/14 | RBU00597 | 214,780.66 |
| 07/07/14 | RBU00595 | 232,947.18 |
| 08/28/14 | DR140828 | 5,000.00 |
| 08/29/14 | TR140829 | 5,000.00 |
| 09/29/14 | TR140929 | 25,000.00 |
| 09/30/14 | TR140930 | 40,000.00 |
| 10/01/14 | XFER1410 | 3,800.00 |
| 10/01/14 | XFER1410 | 8,000.00 |
| 10/02/14 | XFER1410 | 4,000.00 |
| 10/06/14 | XFER1410 | 2,250.00 |
| 10/08/14 | TR141008 | 65,000.00 |
| 10/09/14 | TR141009 | 68,000.00 |
| 10/14/14 | TR141014 | 5,000.00 |
| 10/14/14 | TR141014 | 25,000.00 |
| 10/19/14 | RBU00618 | 248,834.09 |
| 10/21/14 | TR141021 | 5,000.00 |
| 10/22/14 | TR141022 | 68,000.00 |
| 10/23/14 | TR141023 | 5,000.00 |
| 10/23/14 | TR141023 | 10,000.00 |
| 10/23/14 | TR141023 | 23,000.00 |
| 10/24/14 | TR141024 | 3,000.00 |
| 10/30/14 | TR141030 | 20,000.00 |
| 11/06/14 | TR141106 | 8,000.00 |
| 11/10/14 | TR141110 | 18,000.00 |
| 11/14/14 | TR141114 | 5,000.00 |
| 11/19/14 | TR141119 | 2,000.00 |
| 11/19/14 | TR141119 | 28,000.00 |
| 11/20/14 | TR141120 | 67,000.00 |
| 11/20/14 | RBU00637 | 246,808.09 |
| 11/24/14 | TR141124 | 10,000.00 |
| 11/25/14 | TR141125 | 25,000.00 |
| 12/02/14 | 141202 | 3,000.00 |
| 12/04/14 | 141204 | 19,500.00 |

# EXHIBIT D

## Arabella Petroleum Company
**Payment Summary**

### Arabella Exploration
7/10/11 - 7/10/15

| Date | Reference | Amount |
|---|---|---|
| 12/09/14 | 141209 | 10,000.00 |
| 12/19/14 | XF141219 | 49,000.00 |
| 12/19/14 | TR141219 | 80,000.00 |
| 12/22/14 | XF141222 | 23,000.00 |
| 12/29/14 | XF141229 | 6,000.00 |
| 12/29/14 | XF141229 | 19,000.00 |
| 12/31/14 | XF141231 | 120,000.00 |
| 01/05/15 | XF150106 | 2,000.00 |
| 01/05/15 | XFER | 75,000.00 |
| 01/09/15 | XF150109 | 1,100.00 |
| 01/12/15 | 150112 | 2,000.00 |
| 01/12/15 | X150112 | 5,500.00 |
| 01/13/15 | XF150113 | 11,000.00 |
| 01/15/15 | WR150115 | 7,052.05 |
| 01/16/15 | XF150116 | 8,000.00 |
| 01/20/15 | XF150120 | 76,500.00 |
| 01/21/15 | XF150121 | 2,500.00 |
| 01/21/15 | X150121 | 26,852.90 |
| 01/22/15 | XF150122 | 1,500.00 |
| 01/28/15 | XF150128 | 10,000.00 |
| 01/30/15 | XF150130 | 95,000.00 |
| 02/03/15 | XF150203 | 8,200.00 |
| 02/04/15 | XF150204 | 960.00 |
| 02/10/15 | BKCK1502 | 971.48 |
| 02/11/15 | WR150211 | 917.79 |
| 02/11/15 | XF150211 | 9,000.00 |
| 02/27/15 | XF150227 | 50.00 |
| 03/13/15 | XF150313 | 10.00 |
| 03/19/15 | XF150319 | 19,000.00 |
| 03/23/15 | XF150323 | 97,856.01 |
| 03/24/15 | XF150324 | 1,000.00 |
| 03/25/15 | XF150325 | 250.00 |
| 03/27/15 | XF150327 | 20,905.94 |
| 03/27/15 | XF150327 | 21,000.00 |
| 03/31/15 | XF150331 | 10,000.00 |
| 04/01/15 | XF150401 | 8,000.00 |
| 04/03/15 | 150403 | 1,977.75 |
| 04/03/15 | XF150403 | 131,000.00 |
| 04/20/15 | XF150420 | 2,500.00 |
| 04/22/15 | XF150422 | 4,500.00 |
| 04/22/15 | XF150422 | 41,000.00 |
| 04/23/15 | XF150423 | 77,500.00 |

# EXHIBIT D

## Arabella Petroleum Company
### Payment Summary

### Arabella Exploration
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 04/27/15 | XF150427 | 128.03 |
| 04/27/15 | XF150427 | 449.27 |
| 04/27/15 | XF150427 | 2,500.00 |
| 04/28/15 | XF150428 | 2,000.00 |
| 04/28/15 | XF150428 | 10,000.00 |
| 04/29/15 | XF150429 | 4,000.00 |
| 04/30/15 | XF150430 | 1,000.00 |
| 05/08/15 | XF150508 | 9,000.00 |
| 06/01/15 | XF000001 | 2,000.00 |

**TOTAL**  **6,195,195.07**

# EXHIBIT E

## Arabella Petroleum Company
**Payment Summary**

### Arabella Operating Company
7/10/11 - 7/10/15

| Date | Reference | Amount |
|------|-----------|--------|
| 01/21/15 | BK150121 | 27,156.60 |
| 03/23/15 | XF150323 | 90,229.11 |
| 04/06/15 | XF150406 | 201.98 |
| 04/14/15 | 35 | 35,000.00 |
| 04/21/15 | XF150421 | 3,500.00 |
| 04/23/15 | XF150423 | 25,000.00 |
| 04/30/15 | XF150430 | 18,000.00 |
| 05/11/15 | XF150511 | 14,500.00 |
| 05/27/15 | XF150527 | 211,714.51 |
| 06/01/15 | XF000002 | 18,000.00 |
| 06/02/15 | XF000003 | 8,021.79 |
| 06/05/15 | XF000004 | 39,500.00 |
| 06/18/15 | XF000006 | 285,304.08 |
| 06/23/15 | XF000007 | 81,782.00 |
| 06/30/15 | 1010 | 24,573.06 |

**TOTAL      882,483.13**

# EXHIBIT F

## Debtor's Properties Subjected to Platinum Liens

| Well Name | County |
|---|---|
| Allar State | Reeves |
| Emily Bell 1H | Reeves |
| Emily Bell 2H | Reeves |
| Graham 1H | Reeves |
| Jackson 1H | Ward |
| Jobe Ranch | Reeves |
| Johnson 103 & 138 | Reeves |
| Kesey | Reeves |
| Locker State | Reeves |
| Prewitt | Reeves |
| T. Johnson State | Reeves |
| Vastar State | Reeves |
| Woods 1H | Reeves |
| Woods 2H | Reeves |