UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ARABELLA PETROLEUM COMPANY, LLC, | § § § § | Case No. 15-70098-RBK-11 |
| Debtor. | § | CHAPTER 11 |

| | | |
|---|---|---|
| MORRIS D. WEISS, CHAPTER 11 TRUSTEE FOR ARABELLA PETROLEUM COMPANY, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ARABELLA EXPLORATION INC., ARABELLA EXPLORATION LLC, ARABELLA OPERATING LLC, TRANS-TEXAS LAND & TITLE, LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, PLATINUM LONG TERM GROWTH VIII, LLC, and JASON HOISAGER, Individually, | § § § § § § § § § § | Adversary No. 16-07002-RBK |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF TRANS-TEXAS LAND & TITLE, LLC AND JASON HOISAGER, INDIVIDUALLY, TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE RONALD B. KING, UNITED STATES BANKRUPTCY JUDGE:

Defendants, Trans-Texas Land & Title, LLC ("TTLT") and Jason Hoisager, individually ("Hoisager") (jointly, the "Defendants"), file this First Amended Answer in response to Plaintiff's Original Complaint (the "Complaint") filed by Morris D. Weiss, Chapter 11 Trustee for Arabella Petroleum Company, LLC (the "Trustee" or "Plaintiff") and would respectfully show unto the Court as follows:

## I. ANSWER

### Jurisdiction, Authority and Venue

1. The allegations contained in Paragraph 1 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

2. The allegations contained in the first sentence of Paragraph 2 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny. The allegations contained in the second sentence of Paragraph 2 of the Complaint are not statements that can be properly admitted or denied. Therefore, no response is required.

3. The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

### Parties

4. Defendants admit that the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

### Introduction

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 2

## Background

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in the first two sentences of Paragraph 16 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in the first sentence of Paragraph 17 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that AO was formed for the purpose of serving as operator under various joint operating agreements.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit that Hoisager, AEX, TTLT and AO received some amounts of Cash and/or interests in the Properties[1], as alleged in Paragraph 21 of the Complaint, in the ordinary course of business. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit Hoisager received a significant amount of Cash from the Debtor within the relevant time frame, as alleged in Paragraph 22 of the Complaint, in the ordinary course of business. Defendants state that the remaining allegations in Paragraph 22 are not statements that can be property admitted or denied. Therefore, no response is required. To

---

[1] If capitalized terms are undefined in this Answer, such terms shall have the same meaning as set forth in the Complaint.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 3

the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in the first two sentences of Paragraph 23 of the Complaint. Defendants state that the remaining allegations in Paragraph 23 are not statements that can be property admitted or denied. Therefore, no response is required. To the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that AEX purchased a large portion of the interests in the Properties from the Debtor. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that AEX entered into a $45 million senior secured note facility with Platinum and pursuant to which Platinum took a security interest in certain property of AEX. Defendants admit that the facility was drawn on for $16 million. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 4

33. The allegations contained in Paragraph 33 state a legal conclusion to which the Defendants have no obligation to admit or deny. To the extent that Paragraph 33 contains more than legal conclusions, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

## COUNT 1

### (AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) and 550)

36. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 36 is not a factual statement that can be properly admitted or denied.

37. The text of Paragraph 37 of the Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Defendants respectfully refer this Court to the text of §§ 548(a)(1)(A) and 550 of the Bankruptcy Code.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 5

44. The allegations contained in Paragraph 44 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

45. Defendants deny that Plaintiff is entitled to the requested relief contained in the allegations of Paragraph 45 of the Complaint.

## COUNT II

### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550)

46. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 46 is not a factual statement that can be properly admitted or denied.

47. The text of Paragraph 47 of the Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Defendants respectfully refer this Court to the text of §§ 548(a)(1)(B) and 550 of the Bankruptcy Code.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

55. Defendants deny that Plaintiff is entitled to the requested relief contained in Paragraph 55 of the Complaint.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 6

# COUNT III

## (AVOIDANCE OF ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO TEXAS UNIFORM FRAUDULENT TRANSFERS ACT AND 11 U.S.C. §§ 544(b) and 550)

56. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 56 is not a factual statement that can be properly admitted or denied.

57. The text of Paragraph 57 of the Complaint does not contain factual allegations, but instead references specific provisions of the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Therefore, no response is required. Defendants respectfully refer this Court to the text of §§ 24.005 and 24.010 of the TUFTA.

58. The text of Paragraph 58 of the Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Defendants respectfully refer this Court to the text of §§ 544(b), 548, and 550(a)(1) and (a)(2) of the Bankruptcy Code.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the factual allegations contained in Paragraph 62 of the Complaint. The remaining allegations of Paragraph 62 state a legal conclusion to which the Defendants have no obligation to admit or deny.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 7

65. Defendants deny that Plaintiff is entitled to the requested relief contained in Paragraph 65 of the Complaint.

## COUNT IV

### (AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550)

66. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 66 is not a factual statement that can be properly admitted or denied.

67. The text of Paragraph 67 of the Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Defendants respectfully refer this Court to the text of § 547(b) of the Bankruptcy Code.

68. To the extent Paragraph 68 contains more than legal conclusions, which the Defendants have no obligation to admit or deny, the Defendants deny the allegations contained in Paragraph 68 of the Complaint. Defendants further deny that the Plaintiff is entitled to the requested relief contained in Paragraph 68 of the Complaint.

69. To the extent Paragraph 69 contains more than legal conclusions, which the Defendants have no obligation to admit or deny, the Defendants deny the allegations contained in Paragraph 69 of the Complaint. Defendants further deny that the Plaintiff is entitled to the requested relief contained in Paragraph 69 of the Complaint.

70. To the extent Paragraph 70 contains more than legal conclusions, which the Defendants have no obligation to admit or deny, the Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Complaint.

71. To the extent Paragraph 71 contains more than legal conclusions, which the Defendants have no obligation to admit or deny, the Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Complaint.

## COUNT V

### (TURNOVER PURSUANT TO 11 U.S.C. § 542)

72. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 72 is not a factual statement that can be properly admitted or denied.

73. The text of Paragraph 73 of the Complaint does not contain factual allegations, but instead references a specific Bankruptcy Code provision. Therefore, no response is required. Defendants respectfully refer this Court to the text of § 542(b) of the Bankruptcy Code.

74. Defendants admit the allegations contained in the first sentence of Paragraph 74 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 74 of the Complaint.

75. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 75 of the Complaint.

## COUNT VI

### (DECLARATORY JUDGMENT CONCERNING, AND FORECLOSURE ON, LIENS ARISING UNDER THE JOINT OPERATING AGREEMENTS)

76. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 76 is not a factual statement that can be properly admitted or denied.

77. The allegations in Paragraph 77 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny. To the extent that Paragraph 77

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 9

contains more than legal conclusions, the Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 78 of the Complaint.

79. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Complaint. Further, Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 80 of the Complaint.

81. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 81 of the Complaint.

## COUNT VII

### (BREACH OF FIDUCIARY DUTY)

82. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 82 is not a factual statement that can be properly admitted or denied.

83. The text of Paragraph 83 of the Complaint does not contain factual allegations, but instead references the elements for a claim for breach of fiduciary duty under Texas law. Therefore, no response is required.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. The allegations contained in Paragraph 85 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny. To the extent

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 10

Paragraph 85 contains more than legal conclusions, the Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 86 of the Complaint.

87. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 87 of the Complaint.

## COUNT VIII

### (GROSS NEGLIGENCE/EXEMPLARY DAMAGES)

88. Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Defendants state that Paragraph 88 is not a factual statement that can be properly admitted or denied.

89. The allegations contained in Paragraph 89 of the Complaint state a legal conclusion to which the Defendants have no obligation to admit or deny. To the extent Paragraph 89 contains more than legal conclusions, the Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 90 of the Complaint.

### Conclusion

To the extent not specifically admitted, the Defendants deny all other allegations in the Plaintiff's Complaint and deny that the Plaintiff is entitled to any of the relief requested in the Conclusion of the Complaint. Plaintiff is not entitled to any reimbursement for attorneys' fees or expenses because the prosecution of this action as to the Defendants is a waste of the Trustee's

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 11

resources. Furthermore, any costs of court or further relief is not recoverable by the Plaintiff as this action against the Defendants is improper for the aforementioned reasons.

## II.     AFFIRMATIVE AND OTHER DEFENSES

### DEFENDANTS' FIRST DEFENSE

1. Plaintiff's claims are barred because the Defendants took the Properties and/or Cash in good faith and for a reasonably equivalent value.

### DEFENDANTS' SECOND DEFENSE

2. Plaintiff's claims are barred because any alleged preferential transfers were made in the ordinary course of business and in accordance with ordinary business terms.

### DEFENDANTS' THIRD DEFENSE

3. Plaintiff's claims are barred because Debtor was solvent at the time the transfers were made.

### DEFENDANTS' FOURTH DEFENSE

4. Plaintiff's claims are barred because any alleged preferential transfers were made in exchange for new value to the Debtor.

### DEFENDANTS' FIFTH DEFENSE

5. Plaintiff's claims are barred because the alleged preferential transfers were contemporaneous exchanges for new value.

### DEFENDANTS' SIXTH DEFENSE

6. Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted. Plaintiff bases its assertions on facts and statutes that are misconstrued and cannot be interpreted as providing valid claims against the Defendants.

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 12

## DEFENDANTS' SEVENTH DEFENSE

7. Plaintiff's claims are barred by the statute of limitations.

## DEFENDANTS' EIGHTH DEFENSE

8. Plaintiff's claims are barred by the doctrine of unclean hands.

## DEFENDANTS' NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by estoppel and/or waiver.

## DEFENDANTS' TENTH DEFENSE

10. Plaintiff's claims are barred by the doctrine of payment.

## DEFENDANTS' ELEVENTH DEFENSE

11. Plaintiffs' claims are barred because the Debtor's own wrongful conduct was the sole and proximate cause of the Plaintiff's alleged damages, if any. In the event fault exists on the part of the Defendants, which the Defendants asserts that none exists, which proximately contributed to the Debtor's injuries and/or damages, if any, the amount of recovery, if any, shall be reduced on the basis of the Debtor's comparative fault and/or wrongful conduct which contributed to any injuries and/or damages upon which the Plaintiff is seeking to recover against the Defendants.

## III. LIMITATION ON EXEMPLARY DAMAGES

12. Defendants deny that Plaintiff is entitled to any award of exemplary damages. In the event Plaintiff is granted an award of exemplary damages, Defendants pray that such amount be limited as set forth under Tex, Civ. Prac. & Rem. Code 41.008.

## IV. RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to supplement or amend this pleading and to assert additional defenses under the Federal Rules or Texas Rules, as well as any other defenses at law

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 13

or in equity, that may exist now or that may be available in the future.

**WHEREFORE, PREMISES CONSIDERED,** Trans-Texas Land & Title, LLC and Jason Hoisager, individually, Defendants herein, respectfully pray that the Court enter judgment as follows: (i) that the Complaint be denied with respect to any and all allegations asserted against the Defendants; (ii) that the Defendants recover attorneys' fees and costs incurred in answering and defending the allegations set forth in the Complaint; and granting such other relief, at law or in equity, to which the Defendants may be shown justly entitled.

Dated this the 29th day of April, 2016.

Respectfully submitted,

GOODRICH POSTNIKOFF & ASSOCIATES, LLP
801 Cherry Street, Suite 1010
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411


By: /s/ Kevin G. Herd
    Kevin G. Herd
    State Bar No. 24027017
    Joseph F. Postnikoff
    State Bar No. 16168320
    jpostnikoff@gpalaw.com

COUNSEL FOR TRANS-TEXAS LAND &
TITLE, LLC and JASON HOISAGER,
INDIVIDUALLY

Weiss vs. Arabella Exploration Inc., et al.
First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,
to Plaintiff's Original Complaint - Page 14

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2016, the foregoing document was served via ecf notification upon all parties registered to receive service by ecf and via First Class United States Mail upon the parties listed below:

Eric J. Taube
Mark C. Taylor
Christopher G. Bradley
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, Suite 1800

Roger C. Diseker
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Clay M. Taylor
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Katherine T. Hopkins
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Michael E. Baum
Schafer and Weiner, PLLC
40950 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304

Joseph K. Grekin
Schafer and Weiner, PLLC
40950 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304

Jason L Weiner
Schafer and Weiner, PLLC
40950 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304

/s/ Kevin G. Herd
Kevin G. Herd

Weiss vs. Arabella Exploration Inc., et al.
**First Amended Answer of Trans-Texas Land & Title, LLC and Jason Hoisager, Individually,**
**to Plaintiff's Original Complaint - Page 15**