UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ARABELLA PETROLEUM COMPANY, LLC, | § § § § | CASE NO. 15-70098-rbk |
| | | Chapter 11 |
| Debtor | § | |

_____

| | | |
|---|---|---|
| MORRIS D. WEISS, CHAPTER 11 TRUSTEE FOR ARABELLA PETROLEUM COMPANY, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 16-07002-rbk |
| ARABELLA EXPLORATION INC., ARABELLA EXPLORATION LLC, ARABELLA OPERATING LLC, TRANS-TEXAS LAND & TITLE, LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, PLATINUM LONG TERM GROWTH VIII, LLC, and JASON HOISAGER, Individually, | § § § § § § § § § § | |
| Defendants. | § | |

**ARABELLA DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Arabella Exploration Inc. ("AEX Inc."), Arabella Exploration LLC ("AEX LLC"), and Arabella Operating LLC ("AO" and with AEX Inc. and AEX LLC, collectively and individually, the "Arabella Defendants") file their Answer with affirmative defenses in response to the First Amended Complaint (the "Amended Complaint") filed by Morris D. Weiss, Chapter 11 Trustee for Arabella Petroleum Company, LLC (the "Trustee" or "Plaintiff") and respectfully show as follows:

## I. ANSWER

### Jurisdiction, Authority and Venue

1. The allegations contained in Paragraph 1 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

2. The allegations contained in the first sentence of Paragraph 2 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny. The allegations contained in the second sentence of Paragraph 2 of the Amended Complaint are not statements that can be properly admitted or denied. Therefore, no response is required.

3. The allegations contained in Paragraph 3 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

### Parties

4. Arabella Defendants admit that the the Trustee is the duly appointed Chapter 11 Trustee of the Debtor. The remaining allegations contained in Paragraph 4 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

5. Arabella Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6. Arabella Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7. Arabella Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Amended Complaint.

9. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Amended Complaint.

10. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint.

11. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 11 of the Amended Complaint. Arabella Defendants admit the remaining allegations in Paragraph 11 of the Amended Complaint.

## **Introduction**

12. Arabella Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Arabella Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint.

14. Arabella Defendants admit the allegations contained in Paragraph 14 of the Amended Complaint.

15. Arabella Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Complaint.

17. Arabella Defendants admit the allegations contained in the first sentence of Paragraph 17 of the Amended Complaint. Arabella Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Arabella Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Arabella Defendants admit that AO was formed for the purpose of serving as operator under various joint operating agreements.

20. Arabella Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Arabella Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint as to AO and AEX. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations as to Mr. Hosiager and TTLT[1].

22. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 22 of the Amended Complaint. Arabella Defendants state that the remaining allegations in Paragraph 22 are not statements that can be property admitted or denied. Therefore, no response is required. To the extent a response is required, the Arabella Defendants deny the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Amended Complaint.

---

[1] If capitalized terms are undefined in this First Amended Answer, such terms shall have the same meaning as set forth in the Amended Complaint.

24. Arabella Defendants admit that AEX purchased a large portion of the interests in the Properties from the Debtor. Arabella Defendants deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. Arabella Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Arabella Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Arabella Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Arabella Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. Arabella Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Arabella Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Arabella Defendants admit that AEX entered into a $45 million senior secured note facility with Platinum and pursuant to which Platinum took a security interest in certain property of AEX. Arabella Defendants admit that the facility was drawn on for $16 million. Arabella Defendants deny the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint.

33. The allegations contained in Paragraph 33 state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny. To the extent that Paragraph 33 contains more than legal conclusions, Arabella Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34. Arabella Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35. The allegations contained in Paragraph 35 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

## COUNT 1

### (AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) and 550)

36. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 36 is not a factual statement that can be properly admitted or denied.

37. The text of Paragraph 37 of the Amended Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of §§ 548(a)(1)(A) and 550 of the Bankruptcy Code.

38. Arabella Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39. Arabella Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. Arabella Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Arabella Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42. Arabella Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. The allegations contained in Paragraph 43 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

44. The allegations contained in Paragraph 44 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

45. Arabella Defendants deny that Plaintiff is entitled to the requested relief contained in the allegations of Paragraph 45 of the Amended Complaint.

## COUNT II

### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550)

46. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 46 is not a factual statement that can be properly admitted or denied.

47. The text of Paragraph 47 of the Amended Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of §§ 548(a)(1)(B) and 550 of the Bankruptcy Code.

48. Arabella Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Arabella Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Arabella Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Arabella Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Arabella Defendants admit that AEX entered into the Facility with Platinum and pursuant to which Platinum took a security interest in certain property of AEX. Arabella Defendants deny the remaining allegations contained in Paragraph 52 of the Amended Complaint.

53. Arabella Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. The allegations contained in Paragraph 54 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

55. Arabella Defendants deny that Plaintiff is entitled to the requested relief contained in Paragraph 55 of the Amended Complaint.

## COUNT III

**(AVOIDANCE OF ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO TEXAS UNIFORM FRAUDULENT TRANSFERS ACT AND 11 U.S.C. §§ 544(b) and 550)**

56. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 56 is not a factual statement that can be properly admitted or denied.

57. The text of Paragraph 57 of the Amended Complaint does not contain factual allegations, but instead references specific provisions of the Texas Uniform Fraudulent Transfer

Act ("TUFTA"). Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of §§ 24.005 and 24.010 of the TUFTA.

58. The text of Paragraph 58 of the Amended Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of §§ 544(b), 548, and 550(a)(1) and (a)(2) of the Bankruptcy Code.

59. Arabella Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Arabella Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Arabella Defendants deny the factual allegations contained in Paragraph 61 of the Amended Complaint. The remaining allegations of Paragraph 61 state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

62. Arabella Defendants admit that AEX entered into the Facility with Platinum and pursuant to which Platinum took a security interest in certain property of AEX. Arabella Defendants deny the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63. Arabella Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. The allegations contained in Paragraph 64 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny.

65. Arabella Defendants deny that Plaintiff is entitled to the requested relief contained in Paragraph 65 of the Amended Complaint.

# COUNT IV

## (AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550)

66. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 66 is not a factual statement that can be properly admitted or denied.

67. The text of Paragraph 67 of the Amended Complaint does not contain factual allegations, but instead references specific Bankruptcy Code provisions. Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of § 547(b) of the Bankruptcy Code.

68. To the extent Paragraph 68 contains more than legal conclusions, which the Arabella Defendants have no obligation to admit or deny, the Arabella Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint. Arabella Defendants further deny that the Plaintiff is entitled to the requested relief contained in Paragraph 68 of the Amended Complaint.

69. To the extent Paragraph 69 contains more than legal conclusions, which the Arabella Defendants have no obligation to admit or deny, the Arabella Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint. Arabella Defendants further deny that the Plaintiff is entitled to the requested relief contained in Paragraph 69 of the Amended Complaint.

70. To the extent Paragraph 70 contains more than legal conclusions, which the Arabella Defendants have no obligation to admit or deny, the Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Amended Complaint.

71. To the extent Paragraph 71 contains more than legal conclusions, which the Arabella Defendants have no obligation to admit or deny, the Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Amended Complaint.

## COUNT V

### (TURNOVER PURSUANT TO 11 U.S.C. § 542)

72. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 72 is not a factual statement that can be properly admitted or denied.

73. The text of Paragraph 73 of the Amended Complaint does not contain factual allegations, but instead references a specific Bankruptcy Code provision. Therefore, no response is required. Arabella Defendants respectfully refer this Court to the text of § 542(b) of the Bankruptcy Code.

74. Arabella Defendants admit the allegations contained in the first sentence of Paragraph 74 of the Amended Complaint. Arabella Defendants deny the allegations contained in the second sentence of Paragraph 74 of the Amended Complaint.

75. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 75 of the Amended Complaint.

## COUNT VI

### (DECLARATORY JUDGMENT CONCERNING, AND FORECLOSURE ON, LIENS ARISING UNDER THE JOINT OPERATING AGREEMENTS)

76. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 76 is not a factual statement that can be properly admitted or denied.

77. The allegations in Paragraph 77 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny. To the extent that Paragraph 77 contains more than legal conclusions, the Arabella Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 78 of the Amended Complaint.

79. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Amended Complaint.

80. Arabella Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Amended Complaint. Further, Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 80 of the Amended Complaint.

81. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 81 of the Amended Complaint.

## **COUNT VII**

## **(BREACH OF FIDUCIARY DUTY)**

82. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 82 is not a factual statement that can be properly admitted or denied.

83. The text of Paragraph 83 of the Amended Complaint does not contain factual allegations, but instead references the elements for a claim for breach of fiduciary duty under Texas law. Therefore, no response is required.

84. Arabella Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85. The allegations contained in Paragraph 85 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny. To the extent Paragraph 85 contains more than legal conclusions, the Arabella Defendants deny the allegations in Paragraph 85 of the Amended Complaint.

86. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 86 of the Amended Complaint.

87. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 87 of the Amended Complaint.

## COUNT VIII

### (GROSS NEGLIGENCE/EXEMPLARY DAMAGES)

88. Arabella Defendants repeat and reallege the responses to the allegations contained in each of the foregoing paragraphs as if fully stated herein. Arabella Defendants state that Paragraph 88 is not a factual statement that can be properly admitted or denied.

89. The allegations contained in Paragraph 89 of the Amended Complaint state a legal conclusion to which the Arabella Defendants have no obligation to admit or deny. To the extent Paragraph 89 contains more than legal conclusions, the Arabella Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

90. Arabella Defendants deny that the Plaintiff is entitled to the requested relief contained in Paragraph 90 of the Amended Complaint.

**Conclusion**

To the extent not specifically admitted, the Arabella Defendants deny all other allegations in the Plaintiff's Amended Complaint and deny that the Plaintiff is entitled to any of the relief requested in the Conclusion of the Amended Complaint. Plaintiff is not entitled to any reimbursement for attorneys' fees or expenses because the prosecution of this action as to the Arabella Defendants is a waste of the Trustee's resources. Furthermore, any costs of court or further relief is not recoverable by the Plaintiff as this action against the Arabella Defendants is improper for the aforementioned reasons.

## II. AFFIRMATIVE AND OTHER DEFENSES

### ARABELLA DEFENDANTS' FIRST DEFENSE

1. Plaintiff's claims are barred because the Arabella Defendants took the Properties and/or Cash in good faith and for a reasonably equivalent value.

### ARABELLA DEFENDANTS' SECOND DEFENSE

2. Plaintiff's claims are barred because any alleged preferential transfers were made in the ordinary course of business and in accordance with ordinary business terms.

### ARABELLA DEFENDANTS' THIRD DEFENSE

3. Plaintiff's claims are barred because Debtor was solvent at the time the transfers were made.

### ARABELLA DEFENDANTS' FOURTH DEFENSE

4. Plaintiff's claims are barred because any alleged preferential transfers were made in exchange for new value to the Debtor.

### ARABELLA DEFENDANTS' FIFTH DEFENSE

5. Plaintiff's claims are barred because the alleged preferential transfers were contemporaneous exchanges for new value.

### ARABELLA DEFENDANTS' SIXTH DEFENSE

6. Plaintif's claims are barred because the Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff bases its assertions on facts and statutes that are misconstrued and cannot be interpreted as providing valid claims against the Arabella Defendants.

### ARABELLA DEFENDANTS' SEVENTH DEFENSE

7. Plaintiff's claims are barred by the statute of limitations.

### ARABELLA DEFENDANTS' EIGHTH DEFENSE

8. Plaintiff's claims are barred by the doctrine of unclean hands.

### ARABELLA DEFENDANTS' NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by estoppel and/or waiver.

### ARABELLA DEFENDANTS' TENTH DEFENSE

10. Plaintiffs' claims are barred because the Debtor's own wrongful conduct was the sole and proximate cause of the Plaintiff's alleged damages, if any. In the event fault exists on the part of the Arabella Defendants, which the Arabella Defendants asserts that none exists, which proximately contributed to the Debtor's injuries and/or damages, if any, the amount of recovery, if any, shall be reduced on the basis of the Debtor's comparative fault and/or wrongful conduct which contributed to any injuries and/or damages upon which the Plaintiff is seeking to recover against the Arabella Defendants.

## III. RESERVATION OF ADDITIONAL DEFENSES

Arabella Defendants reserve the right to supplement or amend this pleading and to assert additional defenses under the Federal Rules or Texas Rules, as well as any other defenses at law or in equity, that may exist now or that may be available in the future.

## IV. REQUEST FOR RELIEF

Arabella Defendants respectfully request that the Court enter judgment as follows: (i) that the Amended Complaint be denied with respect to any and all allegations asserted against the Arabella Defendants; (ii) that the Arabella Defendnats recover its attorneys' fees and costs incurred in answering and defending itself from the allegations set forth in the Amended Complaint; and (iii) for such other relief to which the Arabella Defendants may be entitled to at law or in equity.

Respectfully submitted,

*/s/ Clay M. Taylor*
Clay M. Taylor
Texas Bar No. 24033261
clay.taylor@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
Fax: (817) 878-9280

COUNSEL FOR ARABELLA EXPLORATION INC., ARABELLA EXPLORATION LLC, AND ARABELLA OPERATING LLC

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 1, 2016, the foregoing document was served via ecf notification, where available, or via U.S. First Class Mail upon the parties listed below:

| | |
|---|---|
| Eric J. Taube<br>Mark C. Taylor<br>Andrew Vickers<br>WALLER LANSDEN DORTCH & DAVIS, LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701<br><br>Michael E. Baum<br>Joseph K. Grekin<br>Jason L. Weiner<br>SCHAFER & WEINER, PLLC<br>40950 Woodward Avenue, Suite 100<br>Bloomfield Hills, MI 48304 | Joseph F. Postnikoff<br>Kevin G. Herd<br>GOODRICH POSTNIKOFF & ASSOCIATES, LC<br>801 Cherry St., Suite 100<br>Fort Worth, Texas 76102<br><br>U.S. Trustee<br>615 E. Houston Street, Suite 533<br>San Antonio, Texas 78295 |

                                                                                                          */s/ Katherine T. Hopkins*
                                                                                                          Katherine T. Hopkins